### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### CORNELL-DUBILIER ELECTRIC CORPORATION, Respondent.

### No. 7007.

United States Court of Appeals
Fourth Circuit.

Argued June 14, 1955.

Decided July 14, 1955.

Maurice Alexandre, Atty., N.L.R.B., Washington, D. C. (Theophil C. Kammholz, Gen. Counsel, Chicago, Ill., David P. Findling, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Frederick U. Reel, Atty., N.L.R.B., Washington, D. C., on brief), for petitioner.

Whiteford S. Blakeney, Charlotte, N. C. (Pierce & Blakeney, Charlotte, N. C., on brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board which found respondent guilty of unfair labor practices in violation of sections 8(a) (1) and 8(a) (3) of the Labor Management Relations Act, 29 U.S.C.A. § 158 (a) (1, 3), and directed it to cease and desist from such practices and to reinstate with back pay one Georgene Shaw, an employee whom it found to have been discriminatorily discharged. Respondent resists only that portion of the order

relating to the discharge and reinstatement of Shaw; but we think it clear that that portion of the order is amply sustained by substantial evidence on the record as a whole and should be enforced.

Respondent contends that Shaw was discharged because she created a disturbance in the plant while soliciting members for the union. The Trial Examiner, whose findings were approved by the Board, found that this was a mere pretext and that the real reason for her discharge was union activity and refusal to disclose the names of those who had signed up as being interested in union membership. In this connection he made the following finding, which is supported by the evidence:

"I am persuaded and find in view of the entire record that the Respondent was motivated by its animus against the Union in discharging Shaw, and not because she interfered with the production of a number of the girls in another department. Despite the loose discipline that had existed in the plant prior to this incident, and despite the lack of a specific rule prohibiting solicitation, the Company might well have seen fit not to tolerate the conduct of Shaw, and to have discharged her for that reason. But, the evidence persuasively shows that it was not motivated by Shaw's conduct as such, but rather by the fact that she refused to reveal the names of the employees she had gotten to sign her list. Foreman Cooper tried unsuccessfully on three occasions to get Shaw to divulge the names of those she had successfully solicited. Not only did he attempt to get this information from Shaw, but told her that unless she turned it over to him she might be discharged. Despite these threats, Shaw was adamant in her refusal to be an informer. Not having succeeded by his threats Cooper then took her to his superior, Manager Fitts. The latter did not seem to be too much concerned about her visiting the other department as he was in getting the signatories and the names of the union leader. But he was by Shaw's refusal to name those successfully solicited and directed Cooper to make a complete investigation of what happened in department No. 21. It is clear to me that, because of her refusal to turn over this information, that Fitts discharged her half an hour after he was informed that she had destroyed her list. I am satisfied that had Shaw engaged in the identical conduct and 'disturbance' by soliciting the same employees to sign a list or petition opposing the union that Fitts would not have discharged her as is evidenced by his surveillance of the union meeting and the subsequent threatening and coercive conduct of his supervisors. I find that his use of the formula 'Discharged for obtaining signatures for purpose of forming a union on company time' to be a pretext designed to cover his union animus thereby enabling him to nip in the bud the union organization activities of his employees. This is a violation of section 8(a) (3) of the Act."

Order enforced.